UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRIY YEGOROV,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAPAN,<br><br>　　　　　Defendant. | No. 2:18-cv-01731 KJM CKD (PS)<br><br>ORDER & AMENDED<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c).

On June 19, 2018 the undersigned issued an order to show cause no later than July 6, 2018 why this action should not be dismissed for lack of jurisdiction. Plaintiff was advised that failure to allege a proper basis for jurisdiction would result in a recommendation that this action be dismissed. The deadline has passed, and plaintiff has not responded to the order to show cause.

As set forth in the June 19, 2018 order, plaintiff has not alleged a basis for subject matter jurisdiction. As to diversity jurisdiction, plaintiff names Japan as the sole defendant, makes vague and conclusory allegations of an "international corruption conspiracy," and asserts an amount in controversy of nine trillion dollars. (ECF Nos. 1 & 1-1.) To establish diversity

1

jurisdiction, the party asserting jurisdiction has the burden of showing that there is complete diversity between the parties and that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The diversity statute is strictly construed, and any doubts are resolved against finding jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). Courts may dismiss a purported diversity action where the amount alleged is in "bad faith" — i.e., solely to invoke federal diversity jurisdiction. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." Diefenthal v. C.A.B., 681 F.2d 1039, 1052 (5th Cir. 1982); see also Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 318 (7th Cir. 1996); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1272 (11th Cir. 2000); Prasad v. Ocwen Loan Servicing, LLC, 2015 WL 4662785 at *4 (E.D. Cal. Aug. 5, 2015) (in diversity cases, the "liberal standard for jurisdictional pleading is not a license for conjecture."), citing Morrison, 228 F.3d at 1268. Here, as plaintiff has alleged no legal or factual basis for the claimed damages, the amount in controversy requirement plainly cannot be met. See McDaniel v. Hinch, No. 2:17-cv-02448 KJM CKD (E.D. Cal.), Order dated July 11, 2018 ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction. Fed. R. Civ. P 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).").

Accordingly, IT IS HEREBY ORDERED that the July 11, 2018 findings and recommendations are vacated.

IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 13, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ yegorov1731.osc_f&rs_am

3